UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JEFFREY D. LEISER,

        Plaintiff,

v.                                    Case No. 23-cv-2-pp

DANIEL LAVOIE, *et al.*,

        Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS (DKT. NO. 49) AND DENYING PLAINTIFF'S TO COMPEL (DKT. NO. 52)**

---

Plaintiff Jeffrey D. Leiser, who is incarcerated at Redgranite Correctional Institution and is representing himself, filed this case under 42 U.S.C. §1983. The court screened the amended complaint (Dkt. No. 4) and allowed the plaintiff to proceed on an Eighth Amendment claim against the defendants based on allegations that after the pain medication for his serious back injury was reduced under a new medication policy, he often did not receive more medication than allowed under the policy, which resulted in pain and suffering. Dkt. No. 6 at 9. This order addresses the plaintiff's motion for sanctions, dkt. no. 49 and motion to compel, dkt. no. 52.[1]

**I.    Motion for Sanctions (Dkt. No. 49)**

The plaintiff asks the court to impose sanctions against Attorney Mary Sickel, counsel for defendants Daniel LaVoie, Angela Thompson and Cindy

---

[1] Defendant Jodi Fryczynski has filed a motion for summary judgment on exhaustion grounds, which is fully briefed. Dkt. No. 33. The court will address that motion and the plaintiff's motion for leave to file sur-reply, dkt. no. 47, in a separate order.

1

Barter (the State Defendants), for allegedly failing to attend a deposition she scheduled and for waiting until four hours before the deposition to notify the plaintiff that the deposition would be rescheduled. Dkt. No. 4 at ¶1. He states that he is a "jailhouse lawyer," that he spent over twenty-five hours preparing for the deposition and that he had marked off the entire afternoon for it. Id. at ¶¶3-4. The plaintiff asks the court to award him attorney fees of $150 an hour to compensate him for preparing twenty five and a half hours for no reason and then, on April 21, 2024, having to re-prepare for the rescheduled deposition for about ten and a half hours. Id. at ¶5. He seeks $5,400 for a total of thirty-six hours based on the defendants' alleged failure to attend the deposition or give the plaintiff a reasonable notice that it would be cancelled. Id. at ¶6.

The state defendants contend that attorney fees are not warranted because counsel did not fail to attend the deposition, instead rescheduling it from April 9 to April 22. Dkt. No. 50 at 1. The state defendants explain that their counsel rescheduled the deposition because she had failed to notify counsel for the non-state defendants of the scheduled deposition until April 8, 2024, at which time co-defendant counsel advised that they wanted to participate; the first date that accommodated all schedules was April 22, 2024. Id. The state defendants assert that the plaintiff was notified of the amended date as soon as possible. Id. They also point out that as an unrepresented litigant, the plaintiff is not entitled to attorney's fees. Id. (citing Kay v. Ehrler, 499 U.S. 432, 435 (1991) ("The Circuits are in agreement . . . on the

2

Case 2:23-cv-00002-PP    Filed 05/28/24    Page 2 of 5    Document 57

proposition that a *pro se* litigant who is not a lawyer is not entitled to attorney's fees.")).

"A party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to: (1) attend and proceed with the deposition." Federal Rule of Civil Procedure 30(g)(1). Rule 37(d)(3) states that the court must require a party who fails to appear for a deposition, the attorney advising that party or both to pay the "reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

The plaintiff is not entitled to sanctions under Rule 30 because the state defendants did not fail to attend the deposition. They notified the plaintiff before the April 9 deposition that it had been rescheduled. The time the plaintiff spent preparing for the April 9 deposition was not wasted because he was able to use that preparation for the April 22 rescheduled deposition. See Knowlton v. City of Wauwatosa, Case No. 20-CV-1660, 2021 WL 5411209, at *2 (E.D. Wis. Nov. 19, 2021) (quoting United States v. Gorokhovsky, Case No. 18-CV-590, 2020 WL 5633262, at *1 (E.D. Wis. Sept. 18, 2020) (In an ordinary case, when a party fails to attend a deposition . . . [t]he court usually does not order the non-compliant party to pay for the attorneys' time spent preparing for the deposition, which is generally rescheduled, resulting in the preparation time not going to waste.")). Finally, the plaintiff is not a lawyer, so he is not

3

entitled to attorney's fees. See Kay, 499 U.S. at 435. The court will deny the plaintiff's motion for sanctions.

## II. Motion to Compel (Dkt. No. 52)

The plaintiff asks the court to order defendant Gilbert Steffanides to produce discovery the plaintiff requested on April 18, 2024. Dkt. No. 52 at 1. The plaintiff states that in response to his discovery request, counsel for Steffanides responded that he would not be producing the discovery because the plaintiff's request was untimely. Id. Counsel's letter explained that discovery had closed on April 22, 2024, and that all discovery requests were to be served at least sixty days before that date to give counsel sufficient time under the rules to respond. Id. The plaintiff acknowledges that his discovery request was untimely, but he states that the court's scheduling order giving the parties sixty days to respond to discovery requests (instead of the usual thirty) hampered his ability to request discovery because he is incarcerated and has limited time in the library. Id.

The court's local rules require any motion to compel discovery to include a certification that the movant consulted with the opposing party before filing his motion. See Civil Local Rule 37 (E.D. Wis.); Fed. R. Civ. P. 37(a)(1). The plaintiff did not satisfy this requirement, so the court must deny his motion to compel. In his motion, the plaintiff asked that if the court does not order Steffanides to respond to his discovery request that it "dismiss the current discovery deadline to allow defendant to produce said discovery." Dkt. No. 52 at 2. But the plaintiff has not provided a good explanation for why his discovery

4

Case 2:23-cv-00002-PP   Filed 05/28/24   Page 4 of 5   Document 57

entitled to attorney's fees. See Kay, 499 U.S. at 435. The court will deny the plaintiff's motion for sanctions.

## II. Motion to Compel (Dkt. No. 52)

The plaintiff asks the court to order defendant Gilbert Steffanides to produce discovery the plaintiff requested on April 18, 2024. Dkt. No. 52 at 1. The plaintiff states that in response to his discovery request, counsel for Steffanides responded that he would not be producing the discovery because the plaintiff's request was untimely. Id. Counsel's letter explained that discovery had closed on April 22, 2024, and that all discovery requests were to be served at least sixty days before that date to give counsel sufficient time under the rules to respond. Id. The plaintiff acknowledges that his discovery request was untimely, but he states that the court's scheduling order giving the parties sixty days to respond to discovery requests (instead of the usual thirty) hampered his ability to request discovery because he is incarcerated and has limited time in the library. Id.

The court's local rules require any motion to compel discovery to include a certification that the movant consulted with the opposing party before filing his motion. See Civil Local Rule 37 (E.D. Wis.); Fed. R. Civ. P. 37(a)(1). The plaintiff did not satisfy this requirement, so the court must deny his motion to compel. In his motion, the plaintiff asked that if the court does not order Steffanides to respond to his discovery request that it "dismiss the current discovery deadline to allow defendant to produce said discovery." Dkt. No. 52 at 2. But the plaintiff has not provided a good explanation for why his discovery

request was untimely. He asserts that being required to serve his discovery requests sixty days before the close of discovery "hampers" his ability to seek discovery because he's representing himself and gets only limited time in the library. But the court issued the scheduling order on November 22, 2023—five months before the deadline for completing discovery. The plaintiff has not explained why he did not serve his discovery demand until *four days* before the April 22, 2024 deadline for completing discovery. And every incarcerated, self-represented plaintiff has the same difficulty with getting adequate time in the library, yet other self-represented plaintiffs with cases pending before this court have been able to timely serve their discovery demands.

The court will deny the plaintiff's motion to compel and his request to extend the discovery deadline. The next pending deadline is the deadline for filing motions for summary judgment based on the merits; that deadline is August 23, 2024. (See Dkt. No. 54.)

### III. Conclusion

The court **DENIES** the plaintiff's motion for sanctions. Dkt. No. 49.

The court **DENIES** the plaintiff's motion to compel. Dkt. No. 52.

Dated in Milwaukee, Wisconsin this 28th day of May, 2024.

**BY THE COURT:**

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**
