UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JEFFREY D. LEISER,

      Plaintiff,

v.                 Case No. 23-cv-2-pp

DANIEL LAVOIE, *et al.*,
      Defendant.

---

**ORDER DENYING DEFENDANT FRYCZYNSKI'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 33) AND DENYING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY (DKT. NO. 47)**

---

  Plaintiff Jeffrey D. Leiser, who is incarcerated at Redgranite Correctional Institution and is representing himself, filed this case under 42 U.S.C. §1983. The court screened the amended complaint (Dkt. No. 4) and allowed the plaintiff to proceed on an Eighth Amendment claim against the defendants based on allegations that after the pain medication for his serious back injury was reduced under a new medication policy, he often did not receive more medication than allowed under the policy, which resulted in pain and suffering. Dkt. No. 6 at 9. This order addresses defendant Nurse Jodi Fryczynski's motion for summary judgment on exhaustion grounds, dkt. no. 33, and the plaintiff's motion for leave to file sur-reply, dkt. no. 47.

1

## I. Facts[1]

### A. Amended Complaint's Allegations

In the amended complaint, the plaintiff alleges that on April 6, 2022, defendant Dr. LaVoie implemented a new policy limiting the amount of Tylenol incarcerated individuals could receive to "50 tabs/30 days." Dkt. No. 4 at ¶13. He says that he was prescribed Tylenol, 500 milligrams, two tablets, three times a day for his bilateral nerve impingement, but that the new policy allows him to receive only one-and-a-half pills per day, which causes unnecessary pain and suffering for his serious back injury. Id. at ¶15.

On April 17, 2022, the plaintiff allegedly wrote Dr. LaVoie, complaining that the new policy caused him severe pain and suffering. Id. at ¶20. The plaintiff states that he did not receive a response from anyone at the Bureau of Health Services. Id. The same day he wrote to Dr. LaVoie (April 17), the plaintiff allegedly submitted a health service request to defendant Angela Thompson, the Health Services Manager at Redgranite, stating that he couldn't reorder his Tylenol until April 23, and that the new policy violated his Eighth Amendment right to obtain medical treatment. Id. at ¶23. The plaintiff states that Thompson responded on June 15, stating that the plaintiff had been told about the new policy and that he could supplement any needs he had with medications from the canteen or catalog. Id. at ¶24.

---

[1] The court includes only material, properly supported facts in this section. See Fed. R. Civ. P. 56(c).

The plaintiff alleges that on April 20, 2022, he submitted a health service request stating that he had experienced pain because he went from taking six Tylenol tablets per day to one-and-a-half per day. Id. at ¶21. The next day, defendant Nurse Barter allegedly responded to the plaintiff's request, stating, "Letter from Medical Director Medication list. HSU is not required to replace the Acetaminophen limits (Tylenol)[.] Please utilize all forms of pain management in your plan of care. Discuss these forms at your next ACP visit. 'Tentative 6/10/22.'" Id. at ¶22.

On August 23, 2022, the plaintiff allegedly submitted a complaint to Thompson stating that the canteen was out of OTC Tylenol and complaining about the policy limiting medication to fifty tablets monthly. Id. at ¶27. In response, Thompson allegedly said that the plaintiff should supplement with canteen medication, ignoring his complaint that the canteen was always out of Tylenol. Id. at ¶28. The next day, the plaintiff received correspondence stating that defendant Dr. Steffanides said he would not be pursuing an increase in the plaintiff's monthly limit of Tylenol at that time. Id. at ¶30.

The plaintiff alleges that on October 17, 2022, Nurse Fryczynski responded to a health service request submitted by the plaintiff, which stated that because of the fifty-tablet limit, the plaintiff would be out of Tylenol before order time and that the canteen also was out of Tylenol. Dkt. No. 4 at ¶¶41-42. Fryczynski allegedly did not see the plaintiff; allegedly she marked that he was scheduled to be seen, "ACP 11/14/22." Id. at ¶42. The plaintiff says that Fryczynski denied him treatment without reviewing his medical file or

investigating his allegations. Id. The plaintiff says that he was seeking health services to be seen "ASAP" and not to be told to wait almost a month before anything would be done to help his "severe back and testicle pain." Id. at ¶¶41-42.

The plaintiff alleges that on November 22, 2022, Dr. Steffanides saw him, ordered an MRI and prescribed Ibuprofen 800 milligrams, one tablet, two times daily as needed for pain. Id. at ¶31. On December 26, the plaintiff allegedly submitted a health service request asking why he did not have an order for Ibuprofen, 800 milligrams, as ordered by Dr. Steffanides. Id. The next day, Thompson allegedly responded that the order had ended on December 23. Id. The plaintiff states that that same day, he submitted another health service request about his order for Ibuprofen 800 ending—on December 28, Thompson acknowledged that the plaintiff should have "APAP" until Dr. Steffanides returned and that there was "APAP & Iprin" on canteen. Id. at ¶33.

At screening, the court allowed the plaintiff to proceed on an Eighth Amendment claim against the defendants based on allegations that after the pain medication for his serious back injury was reduced under the new medication policy, the plaintiff often did not receive more medication than allowed under the policy, resulting in pain and suffering. Dkt. No. 6 at 9.

B.    Plaintiff's Inmate Complaints

On April 26, 2022, the plaintiff submitted Inmate Complaint RGCI-2022-6613 stating that "HSU and BHS medical staff are denying me medication (Tylenol 500 mg) that was originally 4 pills a day down to one and [half] a day

for my serious pain and suffering." Dkt. No. 40 at ¶4; Dkt. No. 39-1 at 1. The plaintiff also said that the medication had been denied due to a new policy and that HSU staff refused to do anything about it even though it caused him pain. Dkt. No. 40 at ¶5; Dkt. No. 39-1 at 1. The reviewing authority dismissed the complaint; the plaintiff submitted an appeal to the corrections complaint examiner, which also was dismissed. Dkt. No. 39-1 at 6, 8, 10.

On September 2, 2022, the plaintiff filed Inmate Complaint RGCI-2022-13732 stating "I submitted an HSU blue slip to H[SU] Manager Thompson that I'm given insufficient amount of Tylenol (50) pills a month for my severely painful L4-L5 herniated Bilateral nerve impingement." Dkt. No. 40 at ¶4; Dkt. No. 39-1 at 11. The plaintiff's complaint also stated that the new policy limiting individuals to fifty pills per month amounted to deliberate indifference to his severe pain. Id. The institution complaint examiner recommended dismissing the complaint and stated that the new policy had been enacted on April 6, 2022. Id. at 13. The reviewing authority dismissed the complaint. Id. at 15. The plaintiff appealed and his appeal was dismissed on November 14, 2022. Id. at 16, 19.

## II. Analysis

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v.

Catrett, 477 U.S. 317, 324 (1986); Ames v. Home Depot U.S.A., Inc., 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." See Anderson, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

B. Discussion

Defendant Fryczynski contends that the plaintiff failed to exhaust administrative remedies as to his claim against her because he did not file an inmate complaint regarding his claim against her. Dkt. No. 34 at 1. The plaintiff asserts that the two inmate complaints he filed exhausted his claim against Fryczynski. Dkt. No. 39 at 1-5.

1. *The Exhaustion Requirement*

The Prison Litigation Reform Act (PLRA) provides that an incarcerated individual cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a); see also Woodford v. Ngo, 548 U.S. 81, 93 (2006) (holding that the PLRA requires proper exhaustion of administrative remedies). Exhaustion requires that an incarcerated person comply with the rules applicable to the grievance process at his institution. Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Because exhaustion is an affirmative defense, the defendants bear the

6

burden of proving that the plaintiff failed to exhaust. Pavey v. Conley, 544 F.3d 739, 740-41 (7th Cir. 2008) (citing Jones v. Bock, 549 U.S. 199, 216 (2007)).

The "Inmate Complaint Review System" (ICRS) within the Wisconsin prisons is the administrative remedy available to individuals with complaints about prison conditions or the actions of prison officials. Wis. Admin. Code §DOC 310.01(2)(a). Before an incarcerated individual may commence a civil action, he must exhaust all administrative remedies the Department of Corrections (DOC) "has promulgated by rule." Wis. Admin. Code §DOC 310.05. The ICRS is available for individuals to "raise issues regarding policies, living conditions, or employee actions that personally affect the inmate or institution environment." Wis. Admin. Code §DOC 310.06(1).

To use the ICRS, an incarcerated person must file a complaint with the institution complaint examiner (ICE) within fourteen days after the occurrence giving rise to the complaint. Wis. Admin. Code §DOC 310.07(2). After reviewing and acknowledging each complaint in writing, the ICE either rejects the complaint or sends a recommendation to the "appropriate reviewing authority," who may recommend that the complaint be affirmed or dismissed in whole or in part. Wis. Admin. Code §§DOC 310.10(9) & 310.10(12). Within fourteen days after the date of the decision, an incarcerated individual may appeal the reviewing authority decision to the corrections complaint examiner (CCE). Wis. Admin. Code §DOC 310.09(1). The CCE reviews the appeal and makes a recommendation to the secretary of the DOC. Wis. Admin. Code §DOC 310.12(9). The secretary affirms or dismisses the CCE's recommendation or

7

returns the appeal to the CCE for further investigation. Wis. Admin. Code §DOC 310.13(2).

        2.    *Analysis*

Defendant Fryczynski contends that the plaintiff has not exhausted his claim against her because he did not file an inmate complaint against her within the fourteen days of the October 17, 2022 health service request he submitted to her. Dkt. No. 34 at 3. According to Fryczynski, to preserve his claim against her the plaintiff should have filed an inmate complaint by October 31, 2022. Id. at 4. The plaintiff responds that the inmate complaints he filed—RGCI-2022-6613 and RGCI-2022-13732—exhausted his claim against Fryczynski because they gave notice to the institution that prison staff were limiting his medication based on the new policy. Dkt. No. 39 at 5.

The PLRA exhaustion requirement ensures that "a prison has received notice of, and an opportunity to correct, a problem" before an incarcerated individual files a lawsuit. Turley v. Rednour, 729 F.3d 645, 650 (7th Cir. 2013). The PLRA does not specify what an incarcerated person must include in his inmate complaint to exhaust an issue. See Schillinger v. Kiley, 954 F.3d 990, 995 (7th Cir. 2020). Those requirements are found in the law establishing the administrative remedies. Id. Under the Wisconsin Administrative Code, an inmate complaint must contain "only one clearly identified issue[]" and "sufficient information for the department to investigate and decide the complaint." Wis. Admin. Code §§DOC 310.07(5), (6). Wisconsin's rules do not contain a requirement that incarcerated persons name individuals in their

inmate complaints. See also Jones v. Bock, 549 199, 217 (2007) ("[N]othing in the [PLRA] imposes a 'name all defendants' requirement.").

Both of the plaintiff's inmate complaints (the dismissal of which he appealed) raised the issue that the new medication policy prevented him from receiving all his pain medication and that prison staff were denying him medication based on the policy. The situation was ongoing, and the plaintiff was not required to submit a new inmate complaint each time staff denied him medication under the new policy. "In order to exhaust their remedies, prisoners need not file multiple, successive grievances raising the same issue (such as prisoner conditions or policies) if the objectionable condition is continuing." Turley, 729 F.3d at 650 (citations omitted). The plaintiff has exhausted his claim against Fryczynski. The court will deny her motion for summary judgment on exhaustion grounds.

The plaintiff filed a motion for leave to file a sur-reply. Dkt. No. 47. The proposed sur-reply addresses arguments in Fryczynski's reply brief. The court has ruled in the plaintiff's favor by denying Fryczynski's motion for summary judgment; the court did not consider the plaintiff's sur-reply. The court will deny the plaintiff's motion as moot.

The deadline for the parties to motions for summary judgment on the merits is **August 23, 2024**.

### III. Conclusion

The court **DENIES** defendant Fryczynski's motion for summary judgment on exhaustion grounds. Dkt. No. 33.

The court **DENIES AS MOOT** the plaintiff's motion for leave to file sur-reply. Dkt. No. 47.

Dated in Milwaukee, Wisconsin this 3rd day of July, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**